UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUIS CARLOS Z.Z.,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-02309-TLN-JDP

A # 246-428-475

**ORDER**

This matter is before the Court on Petitioner Luis Carlos Z.Z.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Preliminary Injunction (ECF No. 2), and Respondents' Motion to Dismiss (ECF No. 7). For the reasons set forth below, Petitioner's habeas petition is GRANTED.[2] (ECF No. 1.) Petitioner's Motion for Preliminary Injunction is DENIED as moot. (ECF No. 2.) Respondents' Motion to Dismiss is DENIED. (ECF No. 7.)

///

---

[1]     As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]     On March 30, 2026, this Court issued a minute order granting Petitioner's habeas petition and ordering his immediate release. (ECF No. 10.) This Order explains the Court's reasoning.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an asylum seeker who entered the United States with his teenage son on December 29, 2022.  (ECF No. 1 at 2.)  They were apprehended by Customs and Border Enforcement upon entry.  (*Id.*)  Petitioner was screened and found to have a credible fear of return.  (*Id.*)  On December 30, 2022, Petitioner was released on recognizance and enrolled in the Alternatives to Detention Intensive Supervision Appearance Program ("ISAP").  (*Id.*; ECF No. 7-2 at 2.)

Petitioner lived in Bakersfield after his release.  (ECF No. 1 at 2.)  He obtained work, supported himself and his family, appeared at every immigration court hearing, and timely filed an application for asylum.  (*Id.* at 3.)  He has no criminal record.  (*Id.*)  The Government's records indicate that Petitioner violated ISAP on three occasions: two missed biometric check-ins and one virtual home visit failure.  (ECF No. 7-4.)  Petitioner submits that these were technical entries from SmartLINK application failures.  (ECF No. 8 at 2.)  He maintains that he never missed any in-person check-ins with Immigration and Customs Enforcement ("ICE") and was never notified that his compliance was deficient.  (*Id.* at 2–3.)

On November 17, 2025, Petitioner was arrested by ICE at his regular check-in and transferred to the California City Detention Center.  (ECF No. 1 at 3.)  He was arrested without advance notice or an opportunity to be heard.  (*Id.*)

On February 23, 2026, Petitioner, proceeding without counsel, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("§ 2241") challenging his detention as unconstitutionally prolonged.  *Luis Carlos Z.Z. v. Warden*, No. 2:26-cv-00556-JLT-SKO (E.D. Cal. Feb. 23, 2026) Dkt. No. 1.  That petition remains pending.

On March 25, 2026, Petitioner, proceeding with the assistance of counsel, filed the instant § 2241 Petition for Writ of Habeas Corpus challenging his re-detention without a pre-deprivation hearing.  (ECF No. 1 at 12–16.)  Petitioner also moved for a preliminary injunction.  (ECF No. 2.)

On March 26, 2026, Respondents filed a consolidated opposition to Petitioner's habeas petition and motion for preliminary injunction along with a motion to dismiss the habeas petition.  (ECF No. 7.)

**II.     MOTION TO DISMISS**

As an initial matter, Respondents move to dismiss the instant habeas petition on account of Petitioner's earlier filed petition, which is currently pending.  (ECF No. 7 at 1.)  Respondents cite 28 U.S.C. § 2244(a) ("§ 2244(a)") and argue that judicial economy weighs in favors of dismissing without prejudice or staying these proceedings.  (*Id.* at 2.)  In opposition, Petitioner argues the instant petition is not barred by § 2244(a) because there is no final adjudication on the merits of his earlier petition, and his subsequent petition raises new claims.  (ECF No. 8 at 3–5.)

The Court agrees with Petitioner and denies Respondents' motion for three reasons.  First, the Ninth Circuit has held that "§ 2244(a) cannot apply to a § 2241 petition filed by an [immigration] detainee[.]"  *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000).  This is because "§ 2244(a) bars successive petitions seeking review of the propriety of a detention '*pursuant to a judgment of a court of the United States*[,]'" and individuals like Petitioner who are in custody pending the outcome of their immigration proceedings are not detained "pursuant to a judgment of a court of the United States."  *Id.* (quoting 28 U.S.C. § 2244(a)) (emphasis in original).

Second, Petitioner's prior habeas petition remains pending.  Although the assigned Magistrate Judge has submitted findings and recommendations, the District Judge has not yet issued an order accepting, rejecting, or modifying the recommendations.  *Luis Carlos Z.Z. v. Warden*, No. 2:26-cv-00556-JLT-SKO (E.D. Cal. Feb. 23, 2026) Dkt. No. 5.  Therefore, in the absence of final judgment on the merits of Petitioner's earlier habeas petition, it cannot be said that "the legality of [Petitioner's] detention has been determined," such that his later petition could be considered a second or successive application.  28 U.S.C. § 2244(a).

Finally, judicial economy does not favor dismissing or staying resolution of the instant petition.  As Respondents acknowledge, the two habeas petitions raise different claims, and while Petitioner filed his first habeas petition pro se, the second was through counsel.  (ECF No. 7 at 2.)  In light of these differences, there is no benefit to judicial economy in reserving judgment on the instant petition pending resolution on an entirely separate claim.

Accordingly, Respondents' Motion to Dismiss is DENIED.  (ECF No. 7.)

3

### III.   HABEAS PETITION

####    A.    Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

####    B.    Analysis

Petitioner claims his detention violates his procedural due process rights under the Fifth Amendment.  (ECF No. 1 at 14–16.)  In opposition, Respondents contend Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").  (ECF No. 7 at 2–3.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including detention and deportation proceedings.  *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the

procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

> ### i.     Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a protected liberty interest in his continued freedom. The Government's decision to release Petitioner on recognizance was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *Morrissey*, 408 U.S. at 482. Although Respondents point out that Petitioner violated ISAP three times (ECF No. 7 at 3), Petitioner maintains that he fully complied with the conditions of his release and was never notified that his compliance was deficient (ECF No. 8 at 2–3.) The Court finds credible Petitioner's belief that he was in compliance with the terms of his release, preserving the full force of his liberty interest. *Bernal v. Albarran*, No. 25-CV-09772-RS, 2025 WL 3281422, at *6 (N.D. Cal. Nov. 25, 2025) (finding detention of asylum applicant improper under § 1226(a) even if she violated the conditions of her release, because she was not a danger to society or a flight risk). Moreover, even if Respondents had authority to re-detain Petitioner, "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez*, 872 F.3d at 981. For these reasons, the Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Fifth Amendment.

The Court is not persuaded by Respondents' argument that Petitioner is subject to mandatory detention under § 1225(b)(2) as an "applicant for admission". Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondents' position. *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9,

2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). Respondents put forth no new arguments or facts justifying a different conclusion in this case. Accordingly, Petitioner has a clear interest in his continued liberty protected by the Due Process Clause.

ii.      Process Required

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). The *Mathews* factors support requiring Petitioner receive notice and a hearing before a neutral decisionmaker prior to re-detention.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d

6

1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty.").

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. "Civil immigration detention, which is 'nonpunitive in purpose and effect,' is justified when a noncitizen presents a risk of flight or danger to the community." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025).  Petitioner maintains that he complied with the conditions of his release and has no criminal history.  As Petitioner received virtually no procedural safeguards such as a bond or custody redetermination hearing, the risk that he is being detained without justification is high.  *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the Government's interest in detaining Petitioner without notice and a hearing is negligible.  Custody hearings in immigration court are "routine and impose a 'minimal' cost," and the Government's interest is further diminished where, as here, Petitioner was already found appropriate for release and has complied with the conditions of his release.  *R.D.T.M.*, 2025 WL 2686866 at *6.  "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention.  He received neither.

Accordingly, the Court finds Respondents violated Petitioner's due process rights.[3]

**IV.    CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED:

1.    Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

---

[3]    Petitioner also challenges his detention as violating substantive due process and the Administrative Procedure Act.  (ECF No. 1 at 12–13, 16–17.)  As the Court concludes Petitioner's detention violates procedural due process, the Court need not address Petitioner's additional claims.

7

2.      Petitioner's Motion for Preliminary Injunction (ECF No. 2) is DENIED as moot.

3.      Respondents' Motion to Dismiss (ECF No. 7) is DENIED.

4.      Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

5.      The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: March 31, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE